In re Earl A. PONDEXTER, Petitioner.

No. 13–3451.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Rule 21, Fed.
R.App. P.
Sept. 12, 2013.

Opinion filed: Sept. 18, 2013.

Earl A. Pondexter, Pittsburgh, PA, pro se.

Before: FUENTES, FISHER and VANASKIE, Circuit Judges.

OPINION

PER CURIAM.

Earl A. Pondexter, proceeding pro se and in forma pauperis, petitions for a writ of mandamus which, liberally construed, seeks to compel District Judge Nora B. Fischer to recuse herself from the underlying District Court case. Pondexter's petition also argues that the District Court wrongfully dismissed his complaint in the

underlying action. *See* W.D. Pa. 2:13–cv–00732.[1]

Mandamus is a drastic remedy available in only the most extraordinary circumstances. *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005). While mandamus is available to review a District Court's refusal to recuse pursuant to 28 U.S.C. § 455(a), *see Alexander v. Primerica Holdings, Inc.*, 10 F.3d 155, 163 (3d Cir.1993), Pondexter's threat to name Judge Fischer as a defendant in his case does not provide the basis for her recusal. *See Azubuko v. Royal*, 443 F.3d 302, 304 (3d Cir.2006). To require disqualification every time a litigant files suit against a judge would allow litigants to improperly "judge shop." *See In re Taylor*, 417 F.3d 649, 652 (7th Cir.2005). As Pondexter has not shown any reason for Judge Fischer to recuse herself pursuant to § 455(a), he is not entitled to mandamus relief on that ground.

To the extent that Pondexter seeks to argue that the District Court wrongfully dismissed his complaint, Pondexter is separately seeking relief through the appellate process and is therefore not entitled to mandamus relief. *See In re Baldwin*, 700 F.3d 122, 127 (3d Cir.2012).

For the reasons above, the mandamus petition will be denied.

---

1. In his complaint, Pondexter requested that the District Court reinstate a previous lawsuit where the District Court granted summary judgment against Pondexter, which this Court affirmed on appeal. *See* C.A. 12–3954. The District Court dismissed Pondexter's instant complaint and denied his motion for reconsideration. Pondexter has separately appealed from that ruling. *See* C.A. 13–3366.